SCHORTEMEIER, SECRETARY OF STATE, *v.* AUBURN AUTOMOBILE COMPANY.

[No. 13,365. Filed January 31, 1929.]

514

*Arthur L. Gilliom*, Attorney-General, *Edward M. White*, Assistant Attorney-General, and *Dale F. Stansbury*, Deputy Attorney-General, for appellant.

*Walker & Hollett* and *T. C. Batchelor*, for appellee.

McMAHAN, P. J.—This is an action by the Auburn Automobile Company against Frederick E. Schortemeier, as secretary of state, to enjoin appellant as such secretary, from paying to the state treasurer $1,382.59, or delivering a certified check in said sum to the state treasurer and requiring him to return such check to the plaintiff.

The facts were found specially and are, in substance, as follows: The Auburn Automobile Company was incorporated under the laws of this state in 1919, with a capital of 10,000 shares of preferred stock, par value $100, and 30,000 shares of common stock, par value $25, the total capital being $1,750,000, and it paid to the secretary of state fees thereon of $1,750, plus $1 for recording and fifty cents for certificate. In 1922, it filed with the secretary of state its certificte showing it had issued all of the $1,000,000 of preferred stock and that it had re-

deemed and retired 5,000 shares of such stock of the par value of $500,000, and paid thereon for filing and recording $6.50. In 1925, it increased its common stock from 30,000 shares, par value $25 each, to 60,000 shares same par value, the total of its common stock thus increased being $1,500,000, and that it paid the secretary of state, on account of such increase, $750, plus filing fees. Later in 1925, it filed a certificate showing it had redeemed and retired the whole of its preferred stock, and that it had increased its common stock $1,500,000, and that it paid the secretary of state, on account of such increase, $1,500, plus filing and recording fees, the capital stock thus increased being $3,000,000 and divided into 120,000 shares of the par value of $25 each. In 1927, the stockholders adopted a resolution that the common stock be changed from $25 per share to no par value and that the number of shares be increased from 120,000 to 500,000 and that its articles of incorporation be so amended. At the same meeting the stockholders unanimously adopted a resolution that all of the capital stock of the company theretofore issued and outstanding, consisting of 92,173 shares of $25 par value, be called in for cancellation, and that, upon cancellation of such stock, there should be issued, in exchange for each share of the common stock, one share of no par value. On July 1, 1927, the president and secretary of said company offered to file with the secretary of state a certificate showing said resolutions and offered to pay the secretary of state, as a fee for such increase, $2,000, plus $8 for filing and recording fees. The secretary of state demanded a fee of $3,382.59, and refused to permit said certificate to be filed until that amount was paid. Thereupon, said company paid the secretary of state outright $2,008, which was received by the secretary and by him paid into the state treasury, and, in addition thereto, it paid under protest the additional sum of $1,382.59, by means of a certified

check, which was accepted as a protested payment, and the secretary of state permitted the filing of said certificate and issued a certificate showing that the capital stock had been increased 338,259 shares of capital stock, which certificate was received by the company under protest as to form and manner of describing such increase of the number of shares. Before the adoption of the resolution changing the stock from par value to no par value, the authorized capitalization of the company was $3,000,000, all common stock, on which all fees had been paid in full. By the proceedings of the stockholders in June, 1927, the articles of incorporation were amended so as to provide for 500,000 shares of common stock of no par value.

Upon these facts, the court concluded, as a matter of law, that the $2,000 was all the fee the secretary of state was entitled to receive because of such change and increase and that the certified check for $1,382.59 should be surrendered and delivered to the plaintiff, appellee herein. The judgment followed this conclusion, hence this appeal.

Section 4958 Burns 1926 Acts 1907 p. 324, relating to a change in the amount of the capital stock of a corporation provides, among other things, that an authenticated copy of the proceedings shall be filed in the office of the secretary of state. When the capital stock of a corporation has been increased, the same fees shall be paid to the secretary of state "as would be paid were the corporation then being originally organized with a capital stock just equal to the amount of such increase." When the amount of increase is over $10,000, a fee of one-tenth of one per cent. of the amount of increased capital shall be paid. §7865 Burns 1926, Acts 1891 p. 84. In 1923 (Acts 1923 p. 9, §§4999-5001 Burns 1926), provision was made for the issuance of common stock of no par value in corporations thereafter organized, and for changing

the common stock in corporations theretofore organized from shares having a par value into shares of no par value. Section 3 of this act (§5001, *supra*) is as follows:

"For the purpose of estimating the fees required to be paid into the office of the secretary of state on the filing of original articles of incorporation, or any amendment of the articles of any corporation, which provide that all or any portion of the shares of the common stock of such corporation shall have no par value and also for the purpose of determining the proportion of preferred stock to be issued by any such corporation now or hereafter authorized to issue such preferred stock and for such purpose only, the shares designated as having no par value shall be considered and estimated to have a par value of ten dollars ($10.00) each."

The amount of the capital stock of appellee prior to the last increase and change from par value to no par value stock was $3,000,000, or 120,000 shares of $25 each. After the increase, there were 500,000 shares of no par value, which, for the purpose of estimating the fees to be paid to the secretary of state, shall, in the language of the statute, "be considered and estimated to have a par value of ten dollars each." It follows that for the purpose of estimating the fees which appellee should pay because of the increase, the 500,000 shares had a par value of $5,000,000. The increase in the authorized capital was $2,000,000 and called for the payment of a fee of $2,000 plus the fees for the filing and recording. Appellant contends that since one share of the par value stock was to be exchanged for one share of no par value, the number of authorized and unissued no-par-value shares was 407,827; that the total authorized and unissued capital stock, after the exchange, was $4,078,272; that before the last increase, the unissued authorized capital was 27,827 shares of the par value of $25 each, or $695,675, which should be subtracted from the

$4,078,272, and that the difference, $3,382,595, represents the actual increased value of the capital; and that the fee calculated on $3,382,595 amounts to $3,382.59, instead of $2,000, as found by the court. We do not concur in this contention. The amount of the fee to be paid is controlled by the amount of authorized capital and not on the amount of unissued stock. When there has been a change from par value to no par value, or where there has been a change in the face value of par-value stock, in connection with an increase of the capital of a corporation, the fee is not controlled by the exchange value placed on the stock. The fee in all such cases is calculated on the difference between the capital as originally authorized and the capital authorized by the certificate of increase filed with the secretary of state.

The fee to be charged in the instant case must be based on dollars represented by the increase and not on increase in the number of unissued shares.

Judgment affirmed.